IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO CANTU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; NORBERTO ELIZONDO, JOEL CHAVEZ, BILLY EVANS JR., | § § § § § § | SA-19-CV-00615-DAE |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| MAMMOTH ENERGY SERVICES, HIGHER POWER ELECTRICAL, LLC, | § § § § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action are Defendants' Motion to Compel Individual Arbitration [#28] and Plaintiffs' Motion for Conditional Certification [#20]. The motions were referred to the undersigned for disposition on November 13, 2019 and December 2, 2019, respectively. The Court held a hearing on the motions on December 6, 2019, at which all parties were present through counsel. After hearing the parties' arguments at the hearing and reviewing the relevant filings, the Court reached a preliminary finding that Plaintiff Francisco Cantu, Joel Chavez, and Billy Evans, Jr. entered into valid agreements to individually arbitrate their claims against Defendants but that Plaintiff Norberto Elizondo did not. The Court thereafter issued an Order directing the parties to confer on the issue of class certification and notice and file an advisory on or before December 16, 2019 [#39].

The parties timely filed a Joint Advisory and Stipulation [#40]. By their advisory, the parties inform the Court that they have reached an agreement as to Defendants' Motion to

1

Compel Individual Arbitration [#28] and have stipulated that the claims of Cantu, Chavez, and Evans are compelled to individual arbitration before the American Arbitration Association. The parties have further stipulated that the claims of Elizondo will remain before this Court. Accordingly, the Court will grant in part Defendants' Motion to Compel Individual Arbitration and will order Cantu, Chavez, and Evans to individual arbitration.

The parties' advisory also addresses their agreement as to Plaintiffs' Motion for Conditional Certification [#20]. The parties inform the Court that they have reached an agreement as to the scope of the proposed class and the initial means for determining who should and should not receive court-approved notice of conditional certification. The parties believe the process of identifying those individuals in the proposed class will take up to 45 days and have agreed to toll the statute of limitations for all potential plaintiffs in the proposed class for this time period. The Court will therefore order the parties to file either a revised motion for conditional certification and notice (if there is some dispute that arises during this process) or a stipulation defining the agreed class for conditional certification and notice for the Court's entry within 45 days of this Order, on or before February 3, 2020.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Individual Arbitration [#28] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the claims of Plaintiff Francisco Cantu, Joel Chavez, and Billy Evans, Jr. are **COMPELLED** to individual arbitration before the American Arbitration Association. The claims of these Plaintiffs are hereby **STAYED** during the pendency of the arbitration.

**IT IS FURTHER ORDERED** that the parties file either a revised motion for conditional certification and notice or a stipulation defining the agreed class for conditional certification and notice for the Court's entry on or before **February 3, 2020**.

**IT IS FINALLY ORDERED** that the statute of limitations as to all potential class members is **TOLLED** until **February 3, 2020**.

SIGNED this 19th day of December, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE