IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO CANTU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL., | § § § § | |
| | § | SA-19-CV-00615-DAE |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| MAMMOTH ENERGY SERVICES, HIGHER POWER ELECTRICAL, LLC, | § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Defendants' Motion to Compel In-Person Depositions [#84], which was referred to the undersigned for disposition on August 18, 2021. The undersigned held a hearing on the motion on this day, at which all parties appeared through counsel. After considering Defendants' motion, the response and reply thereto [#85, #89], and the arguments of counsel at the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

This collective action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and involves 156 Plaintiffs (two lead Plaintiffs and 154 opt-ins). Plaintiffs are former electrical line service workers employed by Defendants to restore power to Puerto Rico after Hurricanes Maria and Irma. Plaintiffs allege various violations of federal and Puerto Rico wage and hour laws and seek tens of millions of dollars in unpaid overtime from Defendants. The parties agreed to conduct representative discovery from 22 out of the 156 Plaintiffs.

A dispute has arisen as to how to conduct the depositions of the 22 representative Plaintiffs. Defendants' motion asks the Court to compel representative Plaintiffs to appear for live in-person depositions in San Antonio, Texas, the city where this lawsuit was filed. Plaintiffs maintain that Defendants should be required to take the representative Plaintiffs' depositions where they reside, by videoconference or telephone, as the representative Plaintiffs live in various locations in Arkansas, California, Florida, Georgia, Mississippi, Missouri, Oklahoma, and throughout Texas. Plaintiffs cite both the burden and expense associated with requiring interstate travel for in-person depositions and safety concerns related to the COVID-19 pandemic and the Delta variant as good cause for denying Defendants' motion to compel.

In their reply and at the Court's hearing, Defendants clarified that, although their motion asks the Court to compel in-person depositions of all 22 representative Plaintiffs in San Antonio, Defendants are willing to take the in-person depositions of out-of-state Plaintiffs in the major cities closest to where they work or reside. Defendants also made clear that they are willing to put various safety protocols in place, such as providing confirmation of vaccination status with vaccine cards, mask-wearing, and social distancing during the depositions. At the hearing, the Court confirmed that there are six representative Plaintiffs who live in and around the San Antonio area who could appear for an in-person deposition in San Antonio traveling by car and without any need for plane travel or hotel accommodations. The Court finds these proposals offered by Defendants to be reasonable compromise solutions that would provide Defendants with the full benefits of in-person deposition testimony, such that they can evaluate Plaintiffs' credibility, while ensuring Plaintiffs' safety and preventing the expense and risk associated with interstate travel during another peak wave of the COVID-19 pandemic.

This Court enjoys wide discretion in determining the method of discovery, such as the designation of the time and place of a deposition, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *See* Fed. R. Civ. P. 26(c)(1)(B) (permitting court to issue protective orders "specifying terms, including time and place or allocation of expenses, for the disclosure of discovery").

Based on the representations of the parties at the hearing, the Court will order the six Plaintiffs residing near or in the San Antonio area to appear for live, in-person depositions in San Antonio.  Defendants may notice these depositions immediately and should cooperate with Plaintiffs in providing confirmation of vaccination status of all deposition participants and other safety measures to minimize risk to the representative Plaintiffs and counsel during the depositions.  After these six depositions have been completed, the parties should work to schedule a second set of live, in-person depositions in a centralized city close to the next largest number of representative Plaintiffs.  These depositions should be consolidated to minimize travel time and expense to counsel and the representative Plaintiffs and should be conducted with the same set of safety protocols.  In the alternative, Defendants may notice any of the remaining 16 depositions to occur via Zoom, and they are encouraged to consider doing so for any Plaintiff who does not live within driving distance of the deposition cities.  The Court encourages counsel to work diligently and collaboratively to complete the full 22 depositions without the need for further intervention by the Court.

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel In-Person Depositions [#84] is **GRANTED IN PART** as set forth herein.  In all other respects, the Motion is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 27th day of August, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE