IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO CANTU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL., | § § § § § § § § § § § § § | SA-19-CV-00615-DAE |
| *Plaintiffs,* | | |
| vs. | | |
| MAMMOTH ENERGY SERVICES, HIGHER POWER ELECTRICAL, LLC, | | |
| *Defendants.* | | |

# **ORDER**

Before the Court in the above-styled cause of action is Defendants' Motion to Stay [#129], by which Defendants ask the Court to stay all proceedings in this case pending the Supreme Court's decision in *Hewitt v. Helix Energy Solutions Group, Inc.*, No. 21-984. Plaintiffs have filed a response in opposition to the motion [#131], and Defendants have filed a reply [#132]. For the reasons that follow, the Court will deny the motion.

This case is a collective action arising under the Fair Labor Standards Act (FLSA) to recover unpaid overtime wages and other damages. Plaintiffs allege that Defendants paid them a day rate, regardless of the number of hours worked and regardless of their classification as an employee or independent contractor, with no overtime compensation. (Compl. [#1], at ¶ 3.) Defendants maintain that Plaintiffs were paid an hourly rate plus overtime compensation, and, even if Plaintiffs were paid a day rate, they are exempt from overtime compensation under the "highly compensated employee" and other exemptions. (Answer [#12], at ¶ 98.) The parties

1

have filed cross motions for summary judgment, which are ripe and currently pending before the District Court.  The District Court has not yet set this case for trial.

The basis for Defendants' request for a stay is the Supreme Court's grant of a petition for writ of certiorari to the Fifth Circuit Court of Appeals in a case involving the "highly compensated employee" exemption.  *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 142 S. Ct. 2674 (2022).  In the decision below, the *en banc* Fifth Circuit held that an employee otherwise satisfying the "highly compensated employee" exemption set forth in 29 C.F.R. § 541.601 is nonetheless entitled to overtime compensation if paid a day rate, rather than on a salary basis, and that day rate fails to satisfy the requirement imposed by 29 C.F.R. § 541.604(b) that a "reasonable relationship" exist between a guaranteed weekly minimum pay and the amount actually earned.  *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289 (5th Cir. 2021) (reversing summary judgment for employer and remanding for further proceedings).  At least one Circuit Court of Appeals has reached the opposite conclusion—that the requirements of § 541.604(b) need not be met where an employee satisfies the requirements of the "highly compensated employee" exemption.  *See Anani v. CVS RX Servs., Inc.*, 730 F.3d 146 (2d Cir. 2013) (affirming summary judgment for employer on basis of exemption).

The Supreme Court granted the petition for writ of certiorari in *Hewitt* on May 2, 2022, and oral argument is currently set for October 12, 2022.  *See Helix Energy Sols. Grp.*, 142 S. Ct. 2674.  Defendants argue in their motion to stay that the Supreme Court's decision could have a dispositive effect on this case, and judicial economy is best served by issuing a stay.  Plaintiffs oppose the requested stay, arguing that the motions for summary judgment currently pending before the Court do not involve issues that would be affected by the Supreme Court decision in *Hewitt*.  The undersigned agrees with Plaintiffs and does not find a stay warranted at this time.

This Court has the discretion to stay proceedings, and this power is inherent in its authority to control the disposition of cases on its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining the propriety of a stay pending the outcome of a separate and unrelated case, courts weigh such factors as the potential dispositive effect of the pending unrelated litigation, potential prejudice to the party opposing the stay, and the public's interest in judicial economy. *See Tollefson v. Bergaila & Assocs., Inc.*, No. 7:21-CV-171-DC-RCG, 2022 WL 2782809, at *1 (W.D. Tex. Jan. 19, 2022). All of these factors weigh in favor of denying Defendants' motion to stay.

This case has already been pending for over three years, and its procedural posture does not implicate judicial efficiency concerns that would weigh in favor of a stay pending *Hewitt* decision. Discovery is closed. The parties' cross motions for summary judgment have already been filed. There are no more costs to be incurred by the parties until after the resolution of the summary judgment motions in the event this case precedes to trial. True, the Court must expend judicial resources to rule on the motions. But the Supreme Court's decision in *Hewitt* will not affect the Court's resolution of the pending motions for summary judgment and therefore is not dispositive of the legal and factual issues currently before the Court.

The parties' summary judgment motions focus on whether Plaintiffs were paid an hourly or day rate. Defendants' motion for summary judgment argues that the evidentiary record establishes that Plaintiffs were paid on an hourly basis plus overtime compensation, despite the characterizations of their wages as a "day rate," entitling Defendants to summary judgment on Plaintiffs' FLSA claims. (Defs.' Mtn. for Summ. J. [#118].) Plaintiffs' motion for partial summary judgment argues that Plaintiffs' day-rate pay does not include overtime pay, and Plaintiffs are entitled to summary judgment on their claim that they were paid a day rate. (Pls.'

Mtn. for Summ. J. [#121].)  Neither party raises the highly compensated exemption or the intersection between § 541.601 and § 541.604 in their motions.

In fact, the only reference to these regulations, the *Hewitt* decision, and the Supreme Court's forthcoming decision is in a footnote in Defendants' response to Plaintiffs' motion, in which Defendants argue that the applicability of the "highly compensated employee" exemption is "an additional basis for denying Plaintiffs' motion."  (Defs.' Resp. [#123], at 2 n.2.)  But neither party substantively addresses the potential exemption in any of their briefing before the Court, and for good reason.  Defendants' primary position in this case is that Plaintiffs were paid an hourly rate with overtime compensation, not a day rate or on a salary basis, which would implicate the highly compensated employee exemption.  *Hewitt* and the Supreme Court's resolution of the circuit split at issue might only be dispositive in this case *if* the Court agrees with Plaintiffs that they were paid a day rate and denies Defendants' motion for summary judgment, and Defendants raise the highly compensated employee exemption at trial.  Given these contingencies, there is not a basis to stay the proceedings now.

Defendants argue in their reply that the Supreme Court "may likely opine" on whether and how a day rate can meet the highly compensated employee exemption's salary basis requirement and could find that Hewitt was exempt from the FLSA's overtime requirements.  This may be true, but, again, the exemption is not at issue in the pending cross motions for summary judgment and will only be addressed in this case as a secondary defense if Defendants lose at the summary judgment stage of these proceedings.  The Court should not delay resolution of the fully briefed motions for summary judgment in light of the tangential relationship between *Hewitt* and the issues addressed therein.  A stay under these circumstances would cause

unnecessary prejudice to Plaintiffs. The public interest also favors resolving the parties' dispositive motions as expeditiously as possible.

In summary, because *Hewitt* does not affect the Court's resolution of the parties' cross motions for summary judgment and the "highly compensated employee" exemption is not the potentially dispositive issue briefed in those motions, the Court will deny the requested stay. This denial will be without prejudice, however, to a renewed motion to stay related to the trial setting if Defendants do not prevail on their motion for summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay [#129] is **DENIED WTIHOUT PREJUDICE**.

SIGNED this 8th day of September, 2022.

---

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE